GARCÍA, PLAINTIFF AND RESPONDENT, *v.* TORRES ET AL., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an action to rescind promissory notes, to quash proceedings for recovery thereon and for an injunction.

No. 1019.—Decided March 18, 1914.

INJUNCTION—PRIMA FACIE EVIDENCE—PLEADING.—When at the hearing on an application for a preliminary injunction the defendants do not deny the facts

alleged in the complaint under oath, the plaintiff is not required to submit any evidence as to the said facts, for the oath of the plaintiff is *prima facie* evidence of their truth.

ID.—DISCRETION OF COURT.—This court will not reverse the decision of an inferior court granting a preliminary injunction unless it is shown that the court abused its discretion.

ID.—JURISDICTION—AMOUNT IN CONTROVERSY.—The jurisdiction of district courts to issue writs of injunction is not limited by the amount in controversy.

ID.—MISJOINDER OF ACTIONS—APPEAL.—In an appeal from an order granting a preliminary injunction the plea of misjoinder of actions entered by the defendants at the hearing on the application for a preliminary injunction cannot be discussed. This question must be decided when raised in the lower court by demurrer or in the answer to the complaint.

ID.—ORDINARY REMEDY—LIS PENDENS NOTICE.—The *lis pendens* notice allowed a plaintiff by section 91 of the Code of Civil Procedure does not exclude remedy by injunction, which is more speedy, effective, and adequate in certain cases.

The facts are stated in the opinion.

*Mr. Leopoldo Feliú* for respondent.

*Mr. José Benet* for appellants.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

On May 21, 1913, Mauricia García Hernández de Torres brought an action against Roque Torres y Rodríguez, Julio N. Laaves and Jaime Zapata in the District Court for the Judicial District of Mayagüez to rescind certain promissory notes made by the first of said defendants in favor of the other two and to quash the proceedings brought by the holders of said promissory notes to recover thereon, praying in the complaint that pending the trial of the case and rendition of final judgment a preliminary injunction issue against the defendants forbidding them to continue the said proceedings or to carry out the auction sales which were about to be effected at their instance.

Briefly, the plaintiff, Mauricia García Hernández, alleges in her sworn complaint that on February 19, 1913, she brought an action in the District Court of Mayagüez against her husband, Roque Torres y Rodríguez, for a divorce and also for a partition of the conjugal partnership property, which action is still pending; that her said husband, in combination with the other defendants, Laaves and Zapata, and

as the result of a conspiracy entered into to deprive the plaintiff of her share in the conjugal partnership property, executed seemingly as of October 31, 1911, a simulated promissory note in favor of the defendant, Julio N. Laaves, for the sum of $1,525, payable on the same day and month of 1912, and two other simulated promissory notes in favor of the co-defendant, Jaime Zapata, apparently as of January 12, 1912, one for $375, payable on September 30 of the same year, and the other for $125, due December 31, 1912; that Roque Torres caused himself to be sued by Laaves in the District Court of Mayagüez for the amount of the promissory note for $1,525 and by Jaime Zapata in the Municipal Court of Mayagüez for the amount of the other two notes aggregating $500, and having allowed his default to be entered in both cases, judgments were entered against him for the supposed credits sued for; that the conjugal partnership property subject to partition and division consists of three rural properties containing 14, 13 and 3 *cuerdas* of land respectively which are described in the complaint under letters *a, b* and *c* and were acquired by the defendant, Roque Torres, during his wedlock with the plaintiff, Mauricia García; that for the execution of the judgment rendered in favor of Zapata property *c* was levied on and advertised to be sold on May 23, 1913, and for the execution of the judgment in favor of Laaves properties *a* and *b* were levied on and their sales advertised to take place on June 6, 1913; that if the said properties are sold the plaintiff will be deprived irreparably of the share which she has or may have therein; that defendant Torres has no other property than his share in the conjugal partnership estate and that the only remedy she has against being deprived of her property is the granting of the injunction prayed for.

A day having been set for hearing the defendants against whom the injunction was solicited, they opposed the petition of the plaintiff, alleging: First, that two different causes of action had been improperly joined; second, that the com-

plaint, in so far as it refers to the injunction, does not state facts sufficient to constitute a cause of action; third, that the plaintiff has an ordinary remedy prescribed by section 91 of the Code of Civil Procedure.

The preliminary injunction was granted in an order of August 26, 1913, after a bond of $1,000 had been given and that order was appealed from by defendants Laaves and Zapata. As grounds for the appeal the appellants allege the following:

*First.* That in view of the sworn complaint of the plain- tiff, which was without the slightest justification for the facts therein alleged, the court erred in granting the injunction.

*Second.* That the court also erred in overruling the general demurrer that the complaint containing the prayer for a writ of injunction did not state facts sufficient to constitute a cause of action.

*Third.* That the court erred also in not considering that defendants Laaves and Zapata being two distinct persons to whom were attributed different acts performed at different times and in different actions, two actions to rescind which could not be joined were prosecuted in the complaint which originated the injunction.

*Fourth.* That the plaintiff has an ordinary remedy prescribed in section 91 of the Code of Civil Procedure and therefore is not entitled to apply for a writ of injunction, which is of an extraordinary character.

Let us examine the errors assigned.

*First error.*—The facts on which the temporary writ of injunction was issued were alleged by the petitioner under oath and in their defense the defendants not only did not deny the said facts but limited themselves to raising questions of law such as the improper joinder of actions, the insufficiency of the facts to constitute a cause of action and the existence of an ordinary remedy which barred the granting of the injunction. The facts not having been denied, they must serve as a basis for the consideration and decision

of the questions of law raised, and it was not necessary to submit any evidence as to the said facts for the oath of the plaintiff was *prima facie* evidence of their truth. *Central Altagracia* v. *Otero et al.,* 13 P. R. R., 108.

*Second error.*—After examining the allegations contained in the petition for an injunction, the right of the plaintiff and the propriety of the remedy sought are clearly shown.

An action was brought by Mauricia García to rescind certain simulated promissory notes made by her husband, Roque Torres, in favor of Laaves and Zapata, and also to set aside the judgments which, by a conspiracy between the presumed creditors, Laaves and Zapata, and the false debtor, Roque Torres, had been rendered against the latter to the injury of Mauricia García who was thus deprived of her participation in the conjugal partnership composed of herself and Roque Torres, and the injunction prayed for tended to stay the execution of the judgments and the sales of the property levied on pending a final decision of the action to rescind. Not only does the granting of the injunction forestall the injury which Mauricia García would have suffered by the sale of the ganancial property levied on to third parties, but it also makes it unnecessary for her to bring another action to annul the sales which a refusal to grant the writ of injunction would have caused. The issuing of the writ of injunction prevents the sale or conveyance and preserves the *status quo* of the property levied on, a change in the status of which might be an obstacle to the execution of the judgment to be rendered in the action to rescind, and originate a new suit against the purchaser for the annulment of the public sale. The facts alleged show the propriety of the remedy sought. Sections 3 and 4 of the Act of March 8, 1906, defining injunctions. Besides, as we said in deciding the case of *Río* v. *Vázquez,* 17 P. R. R., 158, the petition for the injunction was filed in the district court and the said court considered that it showed sufficient grounds for the issuance of the writ applied for and issued the same after fixing a bond

sufficient to respond for any damages which might be caused the defendant, and unless it be shown that the court abused its discretion, we shall not be disposed to reverse its decision.

*Third error.*—We have no need to discuss in the present appeal the question of whether in the action to rescind in which the injunction was applied for there was a misjoinder of actions, which would have to be decided if the complaint had been demurred to on this point. What we have to consider is the complaint as it was filed in order to determine whether the injunction lies, without prejudice to such ruling as the court below may make on the aforesaid demurrer if it should be pleaded. In support of the error assigned the appellants allege that as regards Zapata the amount of his claim was $500 and therefore the district court had no jurisdiction to issue the injunction. To this allegation we reply that the record does not show the value of the property levied on in execution of the judgment rendered in favor of Zapata and that in any event the court acted within its jurisdiction because in issuing injunctions the jurisdiction of courts of general jurisdiction is not limited by the amount in controversy. Section 2 of the Act Defining Injunctions, etc. *Río* v. *Vázquez supra.*

*Fourth error.*—Section 91 of the Code of Civil Procedure reads as follows:

"Section 91.—In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. From the time of filing such notice for record only shall a purchaser or encumbrancer of the property affected thereby be deemed to have constructive notice of the pendency of the action, and only of its pendency against parties designated by their real names."

The foregoing section is not applicable to the present case which is not an action affecting the title or the right of possession of real property and in which the plaintiff does not pray that the property claimed be adjudged to belong to her, and these are requirements necessary for the application of the said section, as a simple perusal thereof will show. In any event the remedy provided for therein does not exclude that of an injunction which is a more speedy, effective and adequate remedy in the present case. 22 Cyc., 771.

For the foregoing reasons the order appealed from should be affirmed.

*Affirmed.*

Justices Wolf, del Toro and Aldrey concurred.